IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                              Plaintiff,

   v.

SARA FRY and TRAVIS HAAG,

                            Defendants.

ORDER

15-cv-212-jdp

---

      Plaintiff Roosevelt Williams, a prisoner at the Columbia Correctional Institution, brings claims that defendant prison officials violated his due process rights by confiscating his wedding ring and funds from his release account, and violated his Eighth Amendment rights by denying him a lower bunk restriction. Although defendants have filed a motion for summary judgment that has been briefed, Williams has filed a series of motions for sanctions, alleging that prison officials engaged in various misconduct, including withholding disclosure of documents until Williams's summary judgment response deadline passed, and tampering with pieces of evidence. Williams has also filed a motion to submit sur-reply materials (unrelated to the documents discussed in his sanctions motions) and two renewed motions for the recruitment of counsel. I will deny all of Williams's motions but allow him to submit supplemental briefing regarding the documents he has recently received and his allegations of evidence tampering.

A. Motions for Sanctions

      Williams has filed a series of motions he calls "motions for sanctions" but that asks for a wide variety of relief. Williams first filed a motion seeking to sanction defendant Fry for harassing him by confiscating his legal documents, repeatedly searching his cell, and giving

him an unwarranted conduct report for possession of contraband. Dkt. 26. Fry's alleged harassment cannot be litigated in this lawsuit. Instead, the harassment represents brand-new claims that belong in a separate lawsuit. Williams seeks a restraining order regarding his access to the courts, which I may consider within the context of this lawsuit, but he falls far short of showing that this is one of the rare situations in which the court must intervene because defendants are actively and physically blocking the plaintiff from coming to court or defending against a motion. Williams has been able to submit an opposition to defendants' motion for summary judgment and many other motions and filings. I will deny this motion.

Williams followed with two more documents titled "motion for sanctions," Dkt. 53 and 67. He states that prison officials denied his numerous requests to review his medical records and other documents, only to finally turn over documents after his summary judgment response deadline had passed. *See* Dkt. 53. Both parties submit copies of documents that Williams states were his previous attempts at getting the records he needs, *see* Dkt. 62-1 and 66-1. Some of these documents are so illegible or poorly reproduced that I cannot tell what Williams was requesting. Dkt. 62-1, at 2-3; Dkt. 66-1, at 1-2. Others are ambiguous in that Williams seems to be asking about particular medical needs instead of explicitly stating that he would like to review his medical records for purposes of this lawsuit. Williams eventually specifically asked to review his records in early June and he was placed on "the list" to do so. *See* Dkt. 66-1, at 5. But he did not receive these records until early July, which was past his June 29 deadline to respond to defendants' motion for summary judgment.

There is no reason to sanction defendants for discovery misconduct because Williams fails to show that they intentionally stonewalled clear requests for his records, and because he

contributed to the problem by waiting until less than a month before his response deadline to make a clear-cut request. But because Williams clearly would like to submit these records as part of his summary judgment response, I will allow him to do so, so that the parties have fully addressed the issues that might be dispositive at the summary judgment stage. Williams will be allowed to submit supplemental proposed findings of fact along with supporting evidence, and a supplemental brief if he so chooses. Defendants will be given an opportunity to respond. Because of this supplemental briefing, I will strike the trial date and associated pretrial deadlines, and set a new schedule following resolution of the summary judgment motion.

Also in both of these motions, Williams contends that prison staff has denied him the full amount of legal loans to which he is entitled. But it is generally this court's policy to not interfere with the state's legal loan program; the question is whether the DOC has provided Williams with the ability to access this court. There is nothing to suggest that Williams has had insufficient resources to litigate this case.

Williams also states that staff has "tampered" with evidence, but he does not completely explain what he means by that. In his second motion, he states that a Ms. Pafford "deliberately and intentionally alter and purposely made different [a health service request] form Williams sent to [the Health Services Unit]," Dkt. 53, at 1, but he does not explain how the document was altered, and how it affects any of his claims in this lawsuit. He also states that prison official Kim Carl "tampered with evidence," and that she has opened some of his legal mail and prevented a copy of his interrogatories from reaching the court, Dkt. 67, but it is unclear whether he means that Carl has altered documents, or he is referring to Carl

blocking the mailing of the interrogatories.[1] I will deny Williams's motions for sanctions for the time being, but allow him to elaborate on his allegations in his supplemental materials. Williams will need to explain what he means by "tampering" *in detail*, how he knows the evidence has been tampered with, what accurate copies of the evidence looked like *before* they was tampered with, and how his claims have been affected by this evidence.

Williams should be aware that this supplemental briefing schedule is not an opportunity to completely relitigate his claims. He must limit his supplemental materials to (1) issues relating to the records he received after his summary judgment response deadline; and (2) the alleged evidence tampering.

B. Motion to "Substitute Plaintiff's Proposed Findings of Fact"

Williams has filed a motion titled as one to "Substitute Plaintiff's Proposed Findings of Fact," Dkt. 59, in which he responds to defendants' summary judgment reply that included his property inventories from his departure from the Oshkosh Correctional Institution and arrival at the Columbia Correctional Institution in November 2013, which defendants say show that he did not possess a wedding ring upon entering CCI. Williams disputes some of the statements made in a declaration authenticating these documents, and contends that these documents should have been included with defendants' brief in chief. But defendants submitted this evidence to rebut Williams's submission of a 2012 inventory showing that he owned a wedding ring, which was an appropriate use of their reply. Williams does not have the right to file a sur-reply regarding this evidence, and I will deny his request

---

[1] In both his second and third motions, Williams suggests that prison staff's actions were taken intentionally to violate his rights, presumably to frustrate his access to the courts or to retaliate against him for pursuing this action. But as I stated above, these new court-access claims cannot be added to this lawsuit.

4

to do so. In any event, I note that defendants recognize that the property inventories may not have been correct, and Williams has already provided proposed findings stating that he indeed possessed the ring prior to his arrival at CCI, so his new filing is unnecessary to create a factual dispute on this issue.

**C. Motions for assistance in recruiting counsel**

Williams has renewed his previous motion for the court's assistance in recruiting him counsel. Dkt. 36 and 54. I remain unconvinced that this case is too complex for Williams to handle. He should not need any assistance in supplementing his summary judgment materials. I will revisit this issue if my review of the full summary judgment briefing shows that the assistance of counsel is necessary, but for now, I will deny his motions.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt Williams's motions for sanctions, Dkt. 26, 53, and 67, are DENIED.

2. Williams's motion to "Substitute Plaintiff's Proposed Findings of Fact," Dkt. 59, is DENIED.

3. Williams's motions for the court's assistance in recruiting him counsel, Dkt. 36 and 54, are DENIED.

4. Williams is directed to provide supplemental proposed findings of fact, supporting evidence, and a brief concerning (1) the records he received from prison officials after his summary judgment response deadline; and (2) prison officials' alleged tampering with evidence. Williams may have until October 11, 2016, to submit his supplemental materials. Defendants may have until October 21, 2016, to submit a response.

5. The remaining schedule is STRICKEN.

Entered September 20, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
